**PUBLIC CITIZEN, et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 86–1722.

United States Court of Appeals, District of Columbia Circuit.

Sept. 18, 1987.

---

**150**

Before EDWARDS, RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.

### ON MOTION TO DISMISS FOR LACK OF JURISDICTION

PER CURIAM:

Public Citizen and others initiated two proceedings for review of smokeless tobacco regulations recently promulgated by the Federal Trade Commission (FTC). The challengers commenced a civil action in the district court and filed a petition for review in this court. The FTC has moved to dismiss the latter petition. Concluding that the district court is the proper forum for initial judicial review of the regulations, we grant the motion and dismiss the petition filed in this court.

Public Citizen seeks judicial review of regulations issued by the FTC under the Comprehensive Smokeless Tobacco Health Education Act of 1986, Pub.L. No. 99–252, 100 Stat. 30 (to be codified at 15 U.S.C. §§ 4401–4408) (Tobacco Act). One of the Tobacco Act's provisions requires the FTC to issue warning label regulations in accordance with the Administrative Procedure Act, 5 U.S.C. § 553 (1982) (APA). The Tobacco Act is silent, however, on the proper forum in which to initiate challenges to the regulations.

While Public Citizen agrees with the FTC that the district court has original jurisdiction to review the regulations pursuant to the APA, 5 U.S.C. § 702, Public Citizen wishes to insure against its possible misjudgment of this issue. *Cf. Center for Nuclear Responsibility, Inc. v. NRC,* 781 F.2d 935 (D.C.Cir.1986) (uncertainty about proper forum for initial judicial review eventuated in dismissal with no consideration of case on the merits). Public Citizen thus observes that, arguably, the FTC's

smokeless tobacco regulations are reviewable under section 18 of the Federal Trade Commission Act (the FTC Act), 15 U.S.C. § 57a(e)(1)(A) (1982), in which case a petition for review of the regulations must be filed in this court within sixty days of their promulgation. We conclude that section 57a covers only review of rules promulgated under the FTC Act, and does not encompass rules promulgated under the Tobacco Act.

Because neither the Tobacco Act nor the FTC Act contains a judicial review provision covering the regulations in question, those regulations may be reviewed, in the manner prescribed by the APA, 5 U.S.C. § 702, in a district court. *See Rochester v. Bond,* 603 F.2d 927, 931 (D.C.Cir.1979); *Arizona State Dep't of Public Welfare v. Department of Health, Education & Welfare,* 449 F.2d 456, 464 (9th Cir.1971) (APA section 703 does not confer on courts of appeals any additional jurisdiction not authorized by separate statute), *cert. denied,* 405 U.S. 919, 92 S.Ct. 945, 30 L.Ed.2d 789 (1972). Therefore, recognizing that the challenge to the regulations was properly commenced and maintained in the district court, we dismiss the petition for review filed in this court.