910 F.2d 974
 31 ERC 1865, 285 U.S.App.D.C. 474, 20
Envtl. L. Rep. 21,359
 HAZARDOUS WASTE TREATMENT COUNCIL, Natural Resources Defense
Council, Inc., Brent Kay, Kay Kay, The Texas
Environmental Coalition, and The
Concerned Citizens of Winona,
Petitioners,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 90-1160.
 United States Court of Appeals,
District of Columbia Circuit.
 Aug. 17, 1990.
 
 David R. Case, Jane L. Bloom, Jacqueline M. Warren, James B. Blackburn, Jr., and Richard W. Lowerre, for petitioners.
 Richard B. Stewart, Peter W. Colby, and Nandan Kenkeremath, for respondent.
 Before SILBERMAN, D.H. GINSBURG, and THOMAS, Circuit Judges.
 ON MOTION TO DISMISS
 Opinion for the Court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 This petition for review challenges the Environmental Protection Agency's approval of a "no migration" exemption permitting Gibraltar Chemical Resources, Inc. to dispose of hazardous wastes by underground injection. Because we hold that this court lacks statutory authority to consider the petition, we dismiss it for lack of jurisdiction.
 
 
 2
 The "land disposal" of hazardous wastes is governed by subtitle C of the Resource Conservation and Recovery Act of 1976 (RCRA), as amended, 42 U.S.C. Secs. 6901-6992k. Section 6924(k) defines land disposal to include "any placement of ... hazardous waste in [an] ... injection well." Id. Sec. 6924(k). Disposal by injection is permissible only when wastes have been pre-treated to reduce toxicity, see id. Sec. 6924(d), (m), or when the EPA has determined that the disposal will be "protective of human health and the environment" for as long as the waste remains hazardous. Id. Sec. 6924(d)(1), (e)(1), (f)(2), (g)(5).
 
 
 3
 Land disposal may be found to be "protective of human health and the environment" only if the EPA concludes that there will be "no migration of hazardous constituents from the disposal unit or injection zone for as long as the wastes remain hazardous." Id. Sec. 6924(d)(1), (e)(1), (g)(5). In order to qualify for this "no migration" exemption with respect to the placement of hazardous waste in an injection well, an applicant, in addition to adhering to the applicable permit requirements, must file with the EPA a petition demonstrating "to a reasonable degree of certainty" that the hazardous constituents will not migrate and that the applicant's facility will comply with the regulatory standards governing the underground injection of hazardous wastes. Id. Sec. 6924(d)(1), (e)(1), (g)(5); 40 C.F.R. Secs. 146, 148 (1989).
 
 
 4
 In this case, Gibraltar, owner and operator of a hazardous waste injection well in Winona, Texas, seeks to build another well on the same site. On March 9, 1988, Gibraltar filed a no migration petition with the EPA. On January 11, 1990, following public notice and comment, the EPA published its final approval of Gibraltar's no migration petition. See 55 Fed.Reg. 1096 (Jan. 11, 1990). Petitioner Hazardous Waste Treatment Council, joined by several other environmental and citizens' groups, now seeks direct review of the EPA's decision.
 
 
 5
 Section 6976 of title 42 defines the scope of this court's jurisdiction to review agency actions. Under section 6976(a), the court has exclusive jurisdiction to review any action of the EPA "in promulgating any regulation or requirement" or in "denying any petition for the promulgation, amendment or repeal of any regulation." 42 U.S.C. Sec. 6976(a)(1). Section 6976(b) also provides for judicial review of the EPA's action in "issuing, denying, modifying, or revoking any permit under section 6925" or in "granting, denying, or withdrawing authorization or interim authorization under section 6926." Id. Sec. 6976(b).
 
 
 6
 The petitioners concede that the EPA's approval of Gibraltar's no migration petition does not constitute action on a permit within the meaning of section 6976(b), but argue that the EPA's approval of Gibraltar's no migration petition was "tantamount to" the promulgation of a regulation and is therefore subject to this court's direct review. We find this argument lacking in merit.
 
 
 7
 When courts have construed EPA action to constitute the promulgation of regulations, the agency's action has involved the interpretation of a regulation or governing standard, or the ruling has constituted a decision of uniform or widespread application. See, e.g., McLouth Steel Prods. Corp. v. Thomas, 838 F.2d 1317, 1320 (D.C.Cir.1988) (EPA's denial of steel manufacturer's listing petition held reviewable since EPA's use of "vertical and horizontal spread model" to predict leachate levels of hazardous components could be used by agency in other contexts); Modine Mfg. Corp. v. Kay, 791 F.2d 267, 270 (3d Cir.1986) (statutory authority to review EPA's promulgation of effluent standards confers jurisdiction to review agency's "interpretation" of pretreatment standards as applied to particular dischargers); see also Environmental Defense Fund, Inc. v. Gorsuch, 713 F.2d 802 (D.C.Cir.1983) (EPA's withdrawal of decision to defer processing of operating permits for hazardous waste incinerators held a suspension of a regulation).
 
 
 8
 Here, in contrast, the EPA's action concerns a single well in a single town, and the decision simply grants Gibraltar's petition without elaborating. The EPA's action does not interpret or refine previous regulations promulgated by the agency. Under these circumstances, holding that the EPA's decision to approve Gibraltar's no migration petition constitutes the promulgation of a regulation would contravene the plain meaning of section 6976 as well as the decisions interpreting that statute.
 
 
 9
 Although, as the petitioners observe, the Supreme Court has instructed courts of appeals to construe "ambiguous" jurisdictional provisions expansively to permit direct appellate review of administrative actions, see Lindahl v. Office of Personnel Management, 470 U.S. 768, 778-79, 105 S.Ct. 1620, 1626-27, 84 L.Ed.2d 674 (1984); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 736, 105 S.Ct. 1598, 1603, 84 L.Ed.2d 643 (1984), the language of section 6976 is clear. It permits review of EPA decisions in only two types of actions. Because the EPA's decision here does not qualify as action on a permit or as the promulgation, amendment, or repeal of a regulation, we must dismiss this petition. See Lancellotti v. Office of Personnel Management, 704 F.2d 91, 97 (3d Cir.1983) (courts of appeal lack jurisdiction absent statutory mandate).
 
 
 10
 It is so ordered.