# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 15, 2007       Decided April 10, 2007

No. 05-1351

FUNERAL CONSUMER ALLIANCE, INC., ET AL.,
PETITIONERS

v.

FEDERAL TRADE COMMISSION,
RESPONDENT

On Petition for Review of a Letter of the
Federal Trade Commission

*Joshua R. Stebbins* argued the cause for petitioners. With him on the briefs were *Howard M. Crystal* and *Eric R. Glitzenstein*.

*Lawrence DeMille-Wagman*, Attorney, Federal Trade Commission, argued the cause for respondent. With him on the brief was *John F. Daly*, Deputy General Counsel for Litigation.

Before: SENTELLE, RANDOLPH and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Petitioners seek review of a 2005 Federal Trade Commission letter regarding the FTC's "Funeral

Rule." Under the Federal Trade Commission Act – the statute under which petitioners seek review of the letter – we only have jurisdiction over challenges to FTC trade regulation rules or "substantive amendments" to such rules. We hold that the 2005 letter is not a substantive amendment to the Funeral Rule, and therefore we lack jurisdiction over this petition for review.

## I.

In the 1970s, the FTC conducted a lengthy investigation of the funeral industry. The Commission determined that purchasers of funeral services are often unable to make careful, informed decisions regarding funeral transactions. Funerals are extremely expensive, and decisions about funeral planning must be made under tight time pressure during very stressful times. *See Funeral Industry Practices*, 47 Fed. Reg. 42,260, 42,265-66 (Sept. 24, 1982). The FTC's investigation revealed that funeral consumers are highly vulnerable to unfair and deceptive trade practices, and that many funeral providers were unlawfully taking advantage of their customers. To prevent such practices, the FTC promulgated the "Funeral Rule" in September 1982. *Id.* at 42,260. Among other provisions, the Rule prohibits funeral providers from making misrepresentations about legal requirements, and it requires that providers make certain disclosures and give customers an itemized price list. *See* 16 C.F.R. §§ 453.1 – 453.9.

This case concerns the provisions of the Funeral Rule that regulate "cash advance items." The Rule defines "cash advance item" as

> any item of service or merchandise described to a purchaser as a "cash advance," "accommodation," "cash disbursement," or similar term. A cash advance item is also any item obtained from a third party and paid for by the

funeral provider on the purchaser's behalf. Cash advance items may include, but are not limited to: cemetery or crematory services; pallbearers; public transportation; clergy honoraria; flowers; musicians or singers; nurses; obituary notices; gratuities and death certificates.

16 C.F.R. § 453.1(b). This definition identifies two different types of "cash advance items": (1) items that are expressly described by the funeral provider as "cash advances," "accommodations," or "cash disbursements"; and (2) items obtained by the funeral provider from a third party "on the purchaser's behalf." With respect to items that fall into one of these categories, the Rule prohibits funeral providers from either:

> (i) Represent[ing] that the price charged for a cash advance item is the same as the cost to the funeral provider for the item when such is not the case; [or]

> (ii) Fail[ing] to disclose to persons arranging funerals that the price being charged for a cash advance item is not the same as the cost to the funeral provider for the item when such is the case.

*Id.* § 453.3(f)(1). The Rule also requires that if a funeral provider charges extra for cash advance items – or receives a rebate, commission, or discount from the third-party vendor – the provider must state on the itemized bill that "We charge you for our services in obtaining: (specify cash advance items)." *Id.* § 453.3(f)(2).

At issue in the instant case is the Commission's subsequent interpretation of "cash advance item." In April 2005, a member of the Texas legislature wrote to the Commission seeking clarification of the definition of that term. The FTC responded

on July 7, 2005.[1]  In a letter from the full Commission, the FTC stated that the term "cash advance item" only applies to –

> those items that the funeral provider represents expressly to be "cash advance items" or represents by implication to be procured on behalf of a particular customer and provided to that customer at the same price the funeral provider paid for them.

The Commission noted that "reasonable consumers generally understand that the price charged by a retail seller . . . includes profit."  Accordingly, "the corrective disclosure about cash advance items . . . is unnecessary when the funeral provider does not mislead the customer through either express representations that the item is a 'cash advance item' (or alternative formulations), or implied representations that the customer is paying no more for an item than the amount the funeral provider paid for it."  In other words, the FTC concluded that the provisions of the Funeral Rule regulating cash advance items do not apply unless consumers expect to receive the items in question at cost.

Petitioners in the instant case are the Funeral Consumers Alliance – a group dedicated to helping its 400,000 members obtain "meaningful, dignified, and affordable funerals" – and three individuals.  Two of the individual petitioners allege that they recently paid for funerals, and that the cash advance items they purchased were marked up without the proper disclosures. Petitioners seek direct review in this Court of the 2005 letter under the judicial review provisions of the Federal Trade Commission Act.  They argue that the letter should be set aside

---

[1] The letter is available at: http://www.ftc.gov/os/2005/07/050707funeralruleadvoopin.pdf.

as unlawful because it narrowed the scope of the Funeral Rule's definition of "cash advance item" without following the proper rulemaking procedures for amending a trade regulation rule.

## II.

Before reaching the merits, we must determine whether we have jurisdiction over this petition for review. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citations and internal punctuation omitted). More specifically, we must determine whether jurisdiction is proper in this Court under the judicial review provisions of the Federal Trade Commission Act ("FTCA"). We hold that it is not, and we therefore dismiss the petition for lack of jurisdiction.

Petitioners seek direct review in this Court of the 2005 letter under the judicial review provisions of the Federal Trade Commission Act. The FTCA grants the Commission authority to promulgate "trade regulation rules" – such as the Funeral Rule – that "define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 57a(a)(1)(B). The Act provides for judicial review of trade regulation rules as follows:

> Not later than 60 days after a rule is promulgated under subsection (a)(1)(B) of this section by the Commission, any interested person (including a consumer or consumer organization) may file a petition, in the United States Court of Appeals for the District of Columbia circuit or for the circuit in which such person resides or has his principal place of business, for judicial review of such rule.

*Id.* § 57a(e)(1)(A). The FTCA provides for judicial review of substantive amendments to trade regulation rules in a similar manner:

> A substantive amendment to, or repeal of, a rule promulgated under subsection (a)(1)(B) of this section shall be prescribed, and subject to judicial review, in the same manner as a rule prescribed under such subsection.

*Id.* § 57a(d)(2)(B). Thus, direct review in the courts of appeals is only available for challenges to trade regulation rules or "substantive amendments" of such rules. Parties seeking review of other FTC actions must proceed in accordance with the Administrative Procedure Act, under which review must be sought in district court in the first instance. *See Public Citizen v. FTC*, 829 F.2d 149, 150 (D.C. Cir. 1987) (holding that in the absence of a statutory grant of jurisdiction in the courts of appeals, "regulations may be reviewed, in the manner prescribed by the APA, 5 U.S.C. § 702, in a district court"). Therefore, as a threshold matter, we must determine whether the 2005 letter is a "substantive amendment" of the Funeral Rule that may be reviewed in this Court under the FTCA. We hold that the letter is – at most – an interpretation of the Funeral Rule rather than a substantive amendment, and we thus lack jurisdiction over the petition for review.

Our precedents are instructive as to the distinction between interpretation and amendment. For example, we have held that an agency action is an amendment of a rule if it "repudiates or is irreconcilable with [a prior legislative rule]." *Nat'l Family Planning Ass'n v. Sullivan*, 979 F.2d 227, 235 (D.C. Cir. 1992) (citation omitted). Similarly, if an agency attempts to "supplement [a statute], not simply to construe it," then the agency action is likely to be deemed a substantive amendment rather than an interpretation. *Id.* (quoting *Chamber of*

*Commerce v. OSHA*, 636 F.2d 464, 469 (D.C. Cir. 1980)). We have also noted that an agency action does not become an amendment "merely because it supplies crisper and more detailed lines than the authority being interpreted. If that were so, no rule could pass as an interpretation of a legislative rule unless it were confined to parroting the rule or replacing the original vagueness with another." *American Mining Congress v. MSHA*, 995 F.2d 1106, 1112 (D.C. Cir. 1993). Thus, we must determine whether the agency has "repudiated" or "supplemented" one of its rules – in which case its action is deemed an amendment – or merely interpreted the rule.

Turning to the instant case, we hold that the 2005 letter is not a "substantive amendment" of the Funeral Rule for purposes of the FTCA's judicial review provisions. Under the Funeral Rule, "cash advance item" is defined as

> any item of service or merchandise described to a purchaser as a "cash advance," "accommodation," "cash disbursement," or similar term. A cash advance item is also any item obtained from a third party and paid for by the funeral provider on the purchaser's behalf. Cash advance items may include, but are not limited to: cemetery or crematory services; pallbearers; public transportation; clergy honoraria; flowers; musicians or singers; nurses; obituary notices; gratuities and death certificates.

16 C.F.R. § 453.1(b). Under this definition, there are two different types of cash advance items: (1) items expressly described to consumers as "cash advances" (or similar terms); and (2) items "obtained from a third party and paid for by the funeral provider on the purchaser's behalf." With respect to the first type of cash advance item, the preamble to the Funeral Rule states:

> In ordinary usage, terms such as "cash advance," "accommodation items" or "cash advanced for your convenience" imply that the consumer is being charged only for the actual cash outlay. The use of this term in connection with items such as flowers, obituary notices, etc., which the consumer could easily obtain from a third party, creates the expectation that the amount billed the consumer is the same as the amount paid by the funeral provider.

*Funeral Indus. Practices*, 47 Fed. Reg. at 42,279. In other words, based on evidence obtained during its investigation of the funeral industry, the Commission determined that when items are expressly labeled as "cash advances" or "accommodation items," there is an inherent representation by the funeral provider that such items are being provided to the consumer at cost.

In its 2005 letter, the FTC concluded that the *second* type of cash advance item in the Funeral Rule's definition – "any item obtained from a third party and paid for by the funeral provider on the purchaser's behalf" – is also limited to situations in which there is an implicit representation of at-cost pricing by the funeral provider. As the Commission stated in the letter:

> [T]he term "cash advance item" in the Rule applies only to those items that the funeral provider represents expressly to be "cash advance items" or represents by implication to be procured on behalf of a particular customer and provided to that customer at the same price the funeral provider paid for them.

The Commission explained that the second sentence of the definition of "cash advance item" is designed to bring within the Rule's purview situations that are functionally equivalent to

those described in the first sentence, but where the funeral provider does not expressly describe the transaction as a "cash advance" or "accommodation item." More specifically, the second sentence of the definition was intended –

> to deter the less scrupulous funeral provider from evading the Rule by eschewing express description of an item as a "cash advance item" (or alternative formulations), yet nevertheless conveying to a customer acting reasonably under the circumstances that obtaining the item involves merely a forwarding of cash by the funeral provider and a subsequent dollar-for-dollar reimbursement by the customer. The Commission's intention, in sum, is that this part of the "cash advance item" definition function to foreclose funeral providers from attempting to sidestep the strict letter of the Rule by using implied misrepresentations rather than express ones.

As explained above, the FTC found during its investigation of the funeral industry that when items are expressly described as "cash advance items," there is an inherent representation that such items are being provided at cost. Since the second sentence of the definition is designed to cover situations that are functionally identical to those described in the first sentence – notwithstanding the absence of the magic words – the Commission also interpreted the second sentence as containing a requirement that the funeral provider implicitly represent that the items are being provided at cost. We cannot hold that this interpretation was a "substantive amendment" of the Funeral Rule.

Moreover, as the Commission explains in the 2005 letter, the purpose of the Funeral Rule – like all trade regulation rules – is to protect consumers from deceptive and unfair trade practices. If a consumer *expects* to pay a markup on the price of

a cash advance item, then the funeral provider does not act "deceptively" or "unfairly" by charging such a markup.[2] *See Funeral Indus. Practices*, 47 Fed. Reg. at 42,278 ("If, with knowledge that the funeral provider will profit from ordering flowers or arranging obituary notices, a consumer chooses to use the services of a funeral provider, a charge for that service should be anticipated."). Deception only results when funeral providers charge an undisclosed markup to consumers who expect to receive cash advance items at cost. *Id.* at 42,279 ("Given this expectation [of at-cost pricing], the failure to disclose the existence of a markup is a deceptive practice."). The FTC's interpretation of the Funeral Rule in the 2005 letter is consistent with these principles. As the Commission explains in the letter:

> [T]he corrective disclosure about cash advance items that § 453.3(f)(2) requires is unnecessary when the funeral provider does not mislead the customer through either express representations that the item is a "cash advance item" (or alternative formulations), or implied representations that the customer is paying no more for an item than the amount the funeral provider paid for it.

In light of the express purpose of the Funeral Rule – preventing "unfair or deceptive acts or practices" – the FTC did not substantively amend the Rule by interpreting the phrase "cash advance item" as applying only to items that consumers believe

---

[2] Unless, of course, it is *per se* unfair or deceptive for a funeral provider to charge markups on the cost of cash advance items. However, the Commission expressly stated in the preamble to the Funeral Rule that it "does not suggest that it is improper for funeral providers to profit on items obtained from third parties." 47 Fed. Reg. at 42,278. Rather, funeral providers violate the Rule only when they charge markups to customers who do not expect to pay such charges.

they will receive at cost, based on the express or implied representations of the funeral provider.

Petitioners also argue that the 2005 letter should be deemed a "substantive amendment" to the Funeral Rule because the letter is inconsistent with the Commission's previous interpretations of the Rule. In particular, petitioners contend that the letter is inconsistent with FTC compliance guidelines issued in 1985, 1994, and 2004. We disagree. In the 1985 guidelines, the Commission noted that limousine services may be a cash advance item if the services are "obtained from a third party and paid for by a funeral provider on the purchaser's behalf." *Funeral Indus. Practices; Final Staff Compliance Guidelines*, 50 Fed. Reg. 28,062, 28,070 (July 9, 1985). In the 1994 and 2004 compliance manuals, the FTC stated that cash advance items are items that a funeral provider "obtain[s] from a third party and pay[s] for on the consumer's behalf." *Complying with the Funeral Rule* (2004 ed.), at 20; *Complying with the Funeral Rule* (1994 ed.), at 24. The two manuals and the compliance guidelines simply repeat the definition of "cash advance item" from the Funeral Rule. *See* 16 C.F.R. § 453.1(b). As explained above, we do not believe that the letter is a substantive amendment of the Funeral Rule's definition of "cash advance item." Therefore, it also cannot be said that the letter is inconsistent with the FTC compliance manuals, given that these manuals use the same language as the Rule itself. *See, e.g., Nat'l Family Planning Ass'n*, 979 F.2d at 236-37 (noting that an agency action that "simply explained something the statute already required" is likely to be an interpretation rather than an amendment (citation omitted)); *Gen. Motors Corp. v. Ruckelshaus*, 742 F.2d 1561, 1565 (D.C. Cir. 1984) (holding that an agency action was not a legislative rule when it "simply restated the consistent practice of the agency"). Finally, petitioners argue that the 2005 letter is inconsistent with a section of the 1985 compliance guidelines that provides

illustrations of how the Rule operates. However, that section of the guidelines – which addresses flowers – did not interpret the *definition* of "cash advance item." *Final Staff Compliance Guidelines*, 50 Fed. Reg. at 28,075. The hypothetical posed in that section simply assumed that the flowers were a cash advance item, then addressed how the substantive provisions of the Funeral Rule would apply to that transaction. *Id.* The 2005 letter – which only addresses the definition of "cash advance item" – is not inconsistent with this illustration.

The Commission also argues that we lack jurisdiction over this petition for review because the 2005 letter was not "promulgated under subsection (a)(1)(B)," as required by the FTCA. *See* 15 U.S.C. § 57a(e)(1)(A). The Commission asserts that the letter was adopted without observance of the procedures set forth in subsection (a)(1)(B), and that the letter was not "promulgated" under the FTC's rules because it was never published in the Federal Register. We need not address these arguments, however, because we do not believe that the 2005 letter was a "substantive amendment" of the Funeral Rule. Therefore, even if the Commission is incorrect with respect to the "promulgated under subsection (a)(1)(B)" arguments, this would not affect our jurisdictional holding.

\* \* \*

In sum, we cannot hold that the FTC's 2005 letter was a substantive amendment of the Funeral Rule. Accordingly, we lack jurisdiction over this petition for review under the FTCA, which provides for direct review in the courts of appeals only for challenges to trade regulation rules or "substantive amendments" thereto.[3]   15 U.S.C. § 57a(d)(2)(B).

---

[3] Although we do not have direct-review jurisdiction over this petition under the FTCA, nothing in our decision prevents petitioners

For the aforementioned reasons, the petition for review is

*Dismissed.*

---

from seeking review of the letter in district court under the Administrative Procedure Act. *See Public Citizen v. FTC*, 829 F.2d 149, 150 (D.C. Cir. 1987).