# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-70023

REGINALD W BLANTON

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States United States District Court
for the Western District of Texas

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Reginald W. Blanton, a Texas state prisoner, was convicted of capital
murder and sentenced to death. He seeks a certificate of appealability ("COA")
to appeal the district court's denial of habeas relief on ten claims. We deny in
part and grant in part the application.

I

Blanton must obtain a COA as a "jurisdictional prerequisite" to appealing
the district court's denial of habeas relief. Miller-El v. Cockrell, 537 U.S. 322,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

336 (2003). A COA will be granted only if Blanton makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). Where the district court rejects a petitioner's constitutional claims on the merits, the petitioner must show "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where the district court denies petitioner's habeas claims on procedural grounds, the petitioner must show that jurists of reason would debate whether the petition states a valid claim on the merits and whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 484-85. In making our COA determination we conduct a "threshold inquiry" consisting of "an overview of the claims in the habeas petition and a general assessment of their merits," Miller-El, 537 U.S. at 336. "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338. "Finally, any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner." Pippin v. Dretke, 434 F.3d 782, 787 (5th Cir. 2005).

II

Blanton's application for COA presents ten issues. Blanton waived nine of the ten issues on which he seeks a COA from this court by failing to adequately brief those claims.[1] With respect to these nine alleged errors,

---

[1] Blanton presents no argument in his COA application with respect to the following claims: (1) trial counsel were ineffective in failing to request an accomplice charge based on the testimony of Robert Blanton and/or Latoya Blanton; (2) trial counsel were ineffective in failing to properly request an instruction on the lesser included offense of felony murder; (3) appellate counsel was ineffective for failing to argue that the trial court erred by failing to specifically instruct the jury as to the impact of the unanimity required under the Texas death penalty special issues; and (4) the Texas capital sentencing statute violates the Eighth and Fourteenth amendments because it fails to inform the jury that a single holdout juror on either special issue results in a life sentence.

Blanton's application provides a list of the errors and directs this court to portions of his briefing before the district court. By not including any argument in his motion for COA to this court, Blanton failed to adequately brief these nine issues and, thus, waived them. See Summers v. Dretke, 431 F.3d 861, 870 (5th Cir. 2005) (recognizing that a COA applicant waives claims by directing appellate court to briefing before the district court); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (holding that a party cannot preserve arguments by attempting to incorporate portions of earlier briefing).

Blanton adequately briefed the following, single claim in his application for COA: whether trial counsel rendered ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984) by failing to preserve their objection to the State's jury shuffle and failing to preserve evidence which could be used to show the jury shuffle was discriminatory. Resolving doubt in favor of Blanton in this death penalty case, and based on our limited, threshold inquiry concerning the merit of Blanton's claim, we find this claim adequate to deserve encouragement to proceed further. See Miller-El, 537 U.S. at 327.

---

Blanton also contends in his COA application that the district court erred in ruling that five other of his claims were procedurally defaulted: (5) trial counsel were ineffective for failing to object to admission of the statements made by Robert Blanton and Latoya Blanton; (6) trial counsel were ineffective for failing to challenge the State's theory of the case; (7) trial counsel were ineffective for failing to investigate and present evidence that Blanton's shoes were not the shoes that kicked open the victim's door; (8) trial counsel were ineffective for failing to investigate and present evidence to rebut the testimony of Frank Trujillo; and (9) the Texas special issue regarding future dangerousness violates the Constitutionally mandated presumption of innocence. The district court found that Blanton had failed to exhaust these claims because they had not been presented to the state court. See 28 U.S.C. § 2254(b)(1)(A) (noting that applicant must exhaust state court remedies) ; Ries v. Quarterman, 522 F.3d 517, 523 (5th Cir. 2008) ("To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court."). In order to grant a COA when the district court denied relief on procedural grounds, such as procedural default, Blanton must show a debatable claim on the merits, and that the district court's procedural ruling is debatable. See Slack, 529 U.S. at 484-85. Blanton's motion for COA to this court addresses the propriety of the district court's procedural ruling as to exhaustion, but does not provide any argument as to whether there is merit to the underlying claims. At any rate, we find no reason to debate the district court's exhaustion determination and therefore need not address the likely merit of the claims.

Accordingly, Blanton's application for COA is GRANTED as to his claim that trial counsel provided ineffective assistance by failing to properly preserve objection to the State's jury shuffle and to preserve evidence concerning the discriminatory nature of the jury shuffle.

If petitioner Blanton wishes to file a supplemental brief with respect to this claim, he may do so within 14 days of the date that this order is filed.  The State may file a response 7 days thereafter.

The application for COA is DENIED as to all other claims.