# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided March 6, 2012

No. 11-1313

NATIONAL AUTOMOBILE DEALERS ASSOCIATION,
PETITIONER

v.

FEDERAL TRADE COMMISSION,
RESPONDENT

———

On Motion To Dismiss For Lack of Jurisdiction

———

*Willard K. Tom, John F. Daly,* and *David L. Sieradzki* filed the motion to dismiss for respondent Federal Trade Commission.

*Gabriel A. Crowson, Gerard E. Wimberly, Jr., Daniel T. Plunkett,* and *Michael G. Charapp* filed the response for petitioner National Automobile Dealers Association.

Before: ROGERS, GARLAND, and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: The National Automobile Dealers Association petitions for review of the Federal Trade Commission's interpretation of statutory language contained in a provision of the amended Fair Credit Reporting Act, 15 U.S.C. § 1681m(h). The Commission announced this interpretation in a Federal Register notice accompanying its promulgation of an amended rule regulating "risk-based pricing" of consumer credit. Because a challenge to such an interpretation must begin in the district court, we dismiss the Association's petition for lack of jurisdiction.

I

In 2003, Congress passed the Fair and Accurate Credit Transactions Act (FACT Act), Pub. L. No. 108-159, 117 Stat. 1952 (2003), as an amendment to the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.* Among other things, FACT Act § 311 inserted into the FCRA a new section 615(h), a provision that governs the "[d]uties of users in certain [consumer] credit transactions." 15 U.S.C. § 1681m(h). That provision addresses a practice known as "risk-based pricing," and provides statutory protections for consumers who, based on information contained in their "consumer report[s]," are offered credit at "materially less favorable [terms] than the most favorable terms available to a substantial proportion of consumers." *Id.* § 1681m(h)(1).[1] In such circumstances, the

---

[1] "Risk-based pricing" refers to the practice of setting or adjusting the terms of credit offered to a consumer to reflect the risk of nonpayment by that consumer. "Creditors that engage in risk-based pricing generally offer more favorable terms to consumers with good credit histories and less favorable terms to consumers with poor credit histories." *Fair Credit Reporting Risk-Based Pricing Regulations, Final Rules*, 76 Fed. Reg. 41,602, 41,603 (July 15, 2011).

amended FCRA entitles prospective buyers to receive a "risk-based pricing notice" alerting them to the potential existence of negative information in their credit reports, so that they can check their credit histories and correct any inaccuracies. *See Fair Credit Reporting Risk-Based Pricing Regulations, Final Rules*, 76 Fed. Reg. 41,602, 41,603 (July 15, 2011). Under the FCRA, "any person" who "*uses* a consumer report in connection with an application for, or a grant, extension, or other provision of, credit" is required to provide risk-based pricing notices. 15 U.S.C. § 1681m(h)(1) (emphasis added).

The Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), Pub. L. No. 111-203, 124 Stat. 1376 (2010), signed into law on July 21, 2010, amended the FCRA's risk-based pricing protections. In particular, section 1100F of the Dodd-Frank Act strengthened consumers' rights by requiring that risk-based pricing notices include a consumer's credit score if that credit score was used in making the credit decision. To implement this change, the Federal Trade Commission (FTC) and the Board of Governors of the Federal Reserve System promulgated amendments to their respective risk-based pricing rules on July 15, 2011. The amendments, codified at 16 C.F.R. Part 640, "require disclosure of credit scores and information relating to credit scores in risk-based pricing notices if a credit score of the consumer is used in setting the material terms of credit." 76 Fed. Reg. 41,602.

Accompanying the promulgation of its amended rule, the FTC published "Supplementary Information" in the Federal Register that included the Commission's responses to various comments received during the notice-and-comment period. *See* 76 Fed. Reg. 41,606-07 & nn.5-9. Within this Supplementary Information was the Commission's interpretation of the scope of the word "uses" as it is employed in the FCRA, 15 U.S.C. § 1681m(h)(1). As relevant here, the FTC construed the risk-based pricing notice requirements in section 1681m(h) to apply

to an automobile dealer that uses consumer reports to offer materially less favorable credit terms to car buyers -- even when the dealer "does not directly obtain the consumer report[s] and/or credit score[s] from a consumer reporting agency" but instead relies upon information provided by third-party financing sources.  76 Fed. Reg. 41,606.

The National Automobile Dealers Association (NADA) disputes the FTC's interpretation of section 1681m(h).   In September 2011, NADA filed a petition for review in this court, as well as a complaint in the United States District Court for the District of Columbia.  *See Nat'l Auto. Dealers Ass'n v. FTC*, No. 11-1313 (D.C. Cir. Sept. 9, 2011); *Nat'l Auto. Dealers Ass'n v. FTC*, No. 1:11-cv-1711 (D.D.C. Sept. 22, 2011).  Although the petition is silent as to the petitioner's cause of action, the complaint filed in district court makes clear that NADA's challenge is brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.*  The FTC filed a motion to dismiss the petition on the ground that we lack appellate jurisdiction.  In response, NADA does not dispute that we lack jurisdiction, but states that it filed the petition as a "protective measure," to ensure compliance with the relevant jurisdictional deadlines "in the event that this Court (or the district court in the related proceeding)" determines that its challenge is subject to direct appellate review.  Pet'r Resp. to Resp't Mot. to Dismiss at 2-3.

II

In this circuit, "the 'normal default rule' is that 'persons seeking review of agency action go first to district court rather than to a court of appeals.'" *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Int'l Bhd. of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir. 1994)).  Initial review of agency decisions "occurs at the appellate level only when a direct-review statute specifically gives the court of appeals subject-matter jurisdiction to directly review agency action." *Id.*; *see*

*Micei Int'l v. Dep't of Commerce*, 613 F.3d 1147, 1151 (D.C. Cir. 2010); *Pub. Citizen, Inc. v. NHTSA*, 489 F.3d 1279, 1287 (D.C. Cir. 2007). However, when a statute does grant direct review, but its application to the agency action in question is "ambiguous," we will "not presume" that "Congress intended to locate initial APA review of agency action in the district courts" rather than the courts of appeals -- "[a]bsent a firm indication that Congress [so] intended." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 737, 745 (1985).

In this case, the direct review provision of the applicable statute is not "ambiguous in any sense relevant," and because it plainly does not apply to the agency action that NADA challenges, we lack appellate jurisdiction. *Five Flags Pipe Line Co. v. DOT*, 854 F.2d 1438, 1441 (D.C. Cir. 1988); *see Micei Int'l*, 613 F.3d at 1154; *Pub. Citizen v. NHTSA*, 489 F.3d at 1287-89; *Hazardous Waste Treatment Council v. EPA*, 910 F.2d 974, 976 (D.C. Cir. 1990). NADA's petition invokes section 18(e)(1)(A) of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 57a(e)(1)(A), as the sole jurisdictional basis for our review. Pet. for Review at 1. Section 18(e)(1)(A) provides for direct appellate review of "rule[s] . . . promulgated under subsection (a)(1)(B) of this section." 15 U.S.C. § 57a(e)(1)(A). "A substantive amendment to . . . a rule promulgated under subsection (a)(1)(B)" is also subject to direct review. *Id.* § 57a(d)(2)(B). Subsection (a)(1)(B), in turn, deals with a limited category of FTC rules, known as "trade regulation rules," that "define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce (within the meaning of section 45(a)(1) of [the FTCA])." *Id.* § 57a(a)(1)(B); *see Am. Optometric Ass'n v. FTC*, 626 F.2d 896, 899 (D.C. Cir. 1980). Reading these FTCA provisions together, we have held that "direct review in the courts of appeals [under FTCA § 18(d) or (e)] is only available for challenges to trade regulation rules or substantive amendments of such rules. Parties seeking review of other FTC actions must proceed . . . in district court in the first instance." *Funeral Consumer Alliance,*

*Inc. v. FTC*, 481 F.3d 860, 862-63 (D.C. Cir. 2007) (internal quotation marks omitted); *see Pub. Citizen v. FTC*, 829 F.2d 149, 150 (D.C. Cir. 1987) (per curiam).[2]

The interpretation that NADA challenges in this case is not a trade regulation rule as defined by FTCA § 18(a)(1)(B). First, NADA does not challenge a substantive rule (or a substantive amendment) of any kind, but rather takes issue with the Commission's *interpretation* of a statutory term, offered in the "Supplementary Information" accompanying the agency's promulgation of its amended risk-based pricing rule. Section 18(e)(1)(A) of the FTCA, however, makes clear that interpretive rules are *not* included in its grant of direct appellate review. As we have discussed, that section provides for direct appellate review only of "rule[s] . . . promulgated under subsection (a)(1)(*B*) of this section." 15 U.S.C. § 57a(e)(1)(A) (emphasis added). Subsection (a)(1)(B) authorizes the promulgation of trade regulation rules. *See id.* § 57a(a)(1)(B). A different subsection, subsection (a)(1)(*A*), authorizes the promulgation of "interpretive rules . . . with respect to unfair or deceptive acts or practices." *Id.* § 57a(a)(1)(A). But that subsection is conspicuously unmentioned in the direct review provision of section 18(e)(1)(A). Accordingly, such interpretive rules may not be challenged in this court in the first instance. *Cf. Funeral Consumer Alliance*, 481 F.3d at 863 (holding that, because an FTC letter was "at most" an "interpretation of [a] Rule rather than a substantive amendment, . . . we thus lack jurisdiction over the petition for review").

---

[2]*See also Am. Optometric Ass'n*, 626 F.2d at 905 (explaining that Congress adopted special procedural protections and a unique avenue of judicial review for trade regulation rules "[b]ecause of the potentially pervasive and deep effect of rules defining what constitutes unfair or deceptive acts or practices" (quoting H.R. Rep. No. 93-1107, at 45-46 (1974))).

Second, the interpretive statement that NADA challenges is not even related to a *trade regulation* rule. As we have noted, a trade regulation rule is one that "define[s] with specificity acts or practices which are unfair or deceptive acts or practices . . . within the meaning of" the FTCA. 15 U.S.C. § 57a(a)(1)(B). The interpretation that NADA challenges, however, concerns the meaning of the term "uses" in 15 U.S.C. § 1681m(h), which is codified as part of the Dodd-Frank Act, the FACT Act, and the FCRA -- but *not* the FTCA. *Cf. Pub. Citizen v. FTC*, 829 F.2d at 150 (concluding that the review provision of FTCA § 18(e)(1)(A) "covers only review of rules promulgated under" the FTCA). Moreover, the risk-based pricing requirements set forth in section 1681m(h) and its implementing rules do not "define with specificity acts or practices which are unfair or deceptive." 15 U.S.C. § 57a(a)(1)(B). Rather, they simply mandate the provision of specified notices to consumers in order to "alert[] [them] to the existence of negative information in their consumer reports." 76 Fed. Reg. 41,603.

There is, therefore, no statute that gives this court jurisdiction to hear NADA's petition on direct review. Accordingly, we must dismiss the petition for lack of appellate jurisdiction. And because the petitioner has -- quite appropriately -- simultaneously filed a complaint in the district court, we need not consider transferring the petition to that court. *See* 28 U.S.C. § 1631; *Five Flags*, 854 F.2d at 1442. Our dismissal of the petition is, of course, without prejudice to NADA's pursuit of its pending civil action in the district court. *See Micei Int'l*, 613 F.3d at 1152 (noting that APA challenges ordinarily "fall within the district court's federal question jurisdiction under 28 U.S.C. § 1331" (citing *Bell v. New Jersey*, 461 U.S. 773, 777 & n.3 (1983))); *Funeral Consumer Alliance*, 481 F.3d at 866 n.3 ("Although we do not have direct-review jurisdiction over this petition under the FTCA, nothing in our decision prevents petitioners from seeking review . . . in district court under the Administrative Procedure Act.").

8

III

For the foregoing reasons, the FTC's motion is granted and the petition for review is

*Dismissed.*